**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EDEIN DE JESUS GONZALEZ

Petitioner,

v. No. 1:26-cv-01279-DHU-LF

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. Having considered the parties' briefs, the record of the case, and the relevant law, the Court **GRANTS** the Petition.

This case is not the first of its kind. This Court has already considered the statutory and constitutional issues raised by Petitioner in *Warsame v. Castro*, 2:26-cv-00430-DHU-JFR, Doc. 21 (D.N.M. May 5, 2026). The Court incorporates by reference *Warsame* and finds that Petitioner entered the United States at a port of entry and is, therefore, an "arriving alien" subject to 8 U.S.C. § 1225(b)(1); Petitioner was granted parole into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), which was still valid at the time that he was re-detained;[1] Respondents failed to provide Petitioner with the written notice terminating parole required by 8 C.F.R. § 212.5(e)(2)(i);

[1] Petitioner was originally granted parole on May 17, 2023, for a period of one year, which was extended by Respondents by having Petitioner continue to comply with his parole conditions for an additional seventeen (17) months. Doc. 6 at 1; Doc. 1 at 1-2. Indeed, Respondents acknowledge that they "are not aware of any bad conduct by Petitioner, or any allegations that he ha[d] broken the law or otherwise violated the terms of his parole" when they re-detained him, but that they, "nevertheless," re-detained him. Doc. 6. at 1-2.

and Respondents' failure to provide Petitioner with adequate written notice violates the Due Process Clause.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner immediately, specifically no later than **forty-eight (48) hours** of this Court's Order, under the same conditions of release that were in place before his re-detention.

**IT IS FURTHER ORDERED** that Respondents are **RESTRAINED** from re-detaining Petitioner before properly terminating his parole with written notice in accordance with 8 C.F.R. § 212.5(e)(2)(i).

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court within **three (3) days** of this Order confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE